James L. BRANTON, Petitioner,

v.

Les MENDELSOHN, et al.,
Respondents.

No. C–5349.

Supreme Court of Texas.

March 18, 1987.

Rehearing Denied May 6, 1987.

James R. Warncke, Branton, Warncke, Hall & Gonzales, San Antonio, for petitioner.

Frank S. Manitzas, Manitzas & Benton, San Antonio, for respondents.

WALLACE, Justice.

This is a suit for equalization of partnership assets upon dissolution pursuant to a written agreement. Both parties filed motions for summary judgment. The trial court granted the motion of Les Mendelsohn and denied the motion of James L. Branton. The court of appeals modified the judgment of the trial court by adding thereto the amount of reasonable attorney's fees as found by the court of appeals and affirmed the judgment of the trial court as modified. We reverse the judgment of the court of appeals and render judgment for Branton.

James L. Branton and Les Mendelsohn were partners in the law firm of Branton and Mendelsohn. They agreed to dissolve the partnership and executed an agreement to effectuate the dissolution.

Branton remained in the firm's offices and took a disproportionate share of the partnership's personal property. There is no disagreement as to the division of the partnership's considerable other properties. The value of the personal property kept by Branton was stipulated to be $42,466.72, and that kept by Mendelsohn was $13,773.64. It was also stipulated that Branton was due a credit of $850. The pertinent part of the dissolution agreement states:

An inventory of the personal property jointly owned by and distributed between (Mendelsohn/Mendelsohn Children Trust) and Branton from ... the partnership ... is identified.... Branton agrees to contribute sufficient cash to the underlying partnership so that the amount of cash and property distributed to (Mendelsohn/Mendelsohn Children Trust) will equal the value of the property distributed to Branton; i.e., Branton will make up the underlying difference in cash to (Mendelsohn/Mendelsohn Children Trust) between the value of the property Branton takes and the value of the property

**514**

(Mendelsohn/Mendelsohn Children Trust) takes.

Branton interpreted the contract to require an equal division of the property. He subtracted the value of the property taken by Mendelsohn, $13,773.64, from the value of the property taken by Branton, $42,466.72, and reached a difference of $28,693.08. He paid into the Registry of the Court one-half of this remainder less the $850 credit due him for a sum of $13,496.54. Branton's motion for summary judgment asked that Mendelsohn be awarded the funds deposited in the Registry of the Court and that Branton be discharged with his costs. This interpretation would result in Branton and Mendelsohn each retaining an equal amount of property and/or cash.

Mendelsohn interpreted the contract to require Branton to pay him in cash the difference between the stipulated value of the personal property kept by Branton and the stipulated value of the property kept by Mendelsohn. The net result of this interpretation would be $13,773.64 property plus $27,843.08 cash to Mendelsohn.

We hold that the court of appeals correctly concluded: "from the language ... it was the intent of the parties to equalize between themselves the division of the property" and that Branton's contribution under the agreement "would then allow the partnership to allocate the property such that property distributed to Mendelsohn would equal the property distributed to Branton." However, the court of appeals erred in requiring the difference in value of the property to be paid in cash by Branton to Mendelsohn rather than to the partnership as required by the written agreement. The cash, when paid to the partnership, would be partnership property to be equally divided between the two partners. If paid directly to Mendelsohn, as required by the court of appeals, the unequal positions of the partners would simply be reversed. Rather than require Branton to pay the full amount into the partnership and then withdraw his one-half, he is required to pay only $13,496.54.

Unfortunately the court of appeals erred in applying a mathematical formula to its original correct interpretation of the contract. We hold that Branton's interpretation of the contract was correct and that his payment of $13,496.54 into the Registry of the Court discharged his obligation to Mendelsohn. The trial court erred in not granting summary judgment for Branton.

The judgment of the court of appeals is reversed and summary judgment is rendered that Les Mendelsohn/Mendelsohn Children's Trust be awarded the funds deposited in the registry of the trial court and that James L. Branton be discharged with his costs.